FILED
SUPERIOR COURT
OF GUAM

2024 JUN 25 PM 5:32

CLERK OF COURT
BY:

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| **PEOPLE OF GUAM,** | **Criminal Case No. CF0030-22** |
| v. | GPD Report No. 22-01883 |
| | **Criminal Case No. CM0123-21** |
| **JAYBO JOSEPH AIKEN** | GPD Report No. 21-12015 |
| (aka **JAY**), | |
| (*aka* **JAKE WILLIAMS**), | **DECISION AND ORDER** |
| (*aka* **JJ WILLIAM**), | **GRANTING** |
| | **THE PEOPLE'S MOTION** |
| DOB: 06/1/1977 or 06/01/1980 or | **TO REVOKE PROBATION** |
| 06/01/1982 or 08/01/1982 | |
| Defendant. | |

## INTRODUCTION

This matter came before the Honorable Alberto C. Lamorena, III on June 7, 2024 for a Revocation Hearing in the above-captioned matter related to Jaybo Jospeh Aiken (aka Jay's) (*aka* Jake William's) (*aka* JJ William's) ("Defendant's") failure to abide by his probationary terms. Defendant was represented by Alternate Public Defender Peter Santos. The People of Guam were represented by Assistant Attorney General Leta Womack. Having duly considered the Parties' briefs, oral arguments, and the applicable law, the Court now issues the following Decision and Order Revoking Defendant's Probation.

## BACKGROUND

On August 21, 2023, Defendant entered a plea of guilty to Theft (as a 3rd Degree Felony), Assault (as a Misdemeanor), and Theft of Property (as a Misdemeanor). See Order After Hearing (Sept. 13, 2023). The Court accepted Defendant's plea of guilty on September 13, 2023, and a Judgment of Conviction was entered. See Judgment of Conviction (Sept. 13, 2023). Pursuant to the Judgment, the following relevant conditions of probation were imposed:

Decision and Order Revoking Defendant's Probation
CF0030-22 & CM0123-21, *People of Guam v. Jaybo Joseph Aiken*
Page 1 of 5

- **COURT ORDERS:** Defendant shall comply with any court orders entered against Defendant, including orders of family court or any other local or federal court of competent jurisdiction.

- **COUNSELING/TREATMENT:** Defendant shall report to Client Services and Family Counseling (CSFC) with the Superior Court of Guam for intake and assessment. Defendant shall follow all treatment recommendations including psychological evaluation, psychiatric evaluation, drug and alcohol evaluation, and individual, group, and family counseling.

- **COUNSELING/TREATMENT:** Defendant shall attend and successfully complete a Theft Prevention Program recommended by the Court, and shall pay the fee for the program.

- **FINE:** Defendant shall pay a fine of five thousand dollars ($5,000.00) plus court costs of eighty dollars ($80.00). All or part of the fine imposed may be converted to community service at the current prevailing minimum wage.

- **COMMUNITY SERVICE:** Defendant shall complete one hundred fifty (150) hours of community service under the direction of the Adult Probation Office. All or part of the community service imposed may be converted into a fine at the current prevailing minimum wage.

- **LAWS:** Defendant shall obey all federal and local laws of Guam.

- **MANDATORY REPORTING:** Defendant shall report to the Adult Probation Office once a month in person, or as ordered by the Court or the Probation Office.

Id.

On November 8, 2023, a Violation Report was filed indicating that Defendant had violated several terms of his probation. Specifically, Defendant failed to report Client Services and Family Counseling for an intake and assessment. See First Violation Report (Nov. 8, 2023). Defendant was scheduled for an intake and assessment on August 29, 2022, but failed to attend. Id. Furthermore, Defendant failed to attend the Petty Theft and Diversion Program (PTDP). In addition, Defendant failed to report monthly in person to the Adult Probation Office. Id. The Defendant also failed to

Decision and Order Revoking Defendant's Probation
CF0030-22 & CM0123-21, *People of Guam v. Jaybo Joseph Aiken*
Page 2 of 5

make payments to his fine of $5,000, Court Cost of $80.00, PTDP tuition fee of $50, and perform 150 hours of community service. Id.

On April 8, 2024, another Violation Report was filed indicating that Defendant had been arrested on new charges in CM0093-24 for alleged Assault (as a Misdemeanor). See Violation Report (Apr. 8, 2024).

On June 7, 2024, the Court held a Revocation Hearing and subsequently took the matter under advisement. See Minute Entry (June 7, 2024).

## DISCUSSION

Guam law specifies the procedures that the Court must follow for revocation of probation. The relevant statute, in its entirety, states as follows:

> [T]he court, if satisfied that the offender has inexcusably failed to comply with a substantial requirement imposed as a condition of the order may revoke the suspension or probation and sentence or re-sentence the offender. Violation of a condition shall not result in revocation, however, unless the court determines that revocation under all the circumstances then existing will best satisfy the ends of justice and the best interests of the public.

See 9 G.C.A. § 80.66(a)(2) (1980).

The process for revoking an offender's probation has been further explained by the Guam Supreme Court as follows:

> Probation revocation is a two-step process. First, the trial court must make a factual determination that a violation of probation actually has occurred. If a violation is proven, then the Court must determine if the violation warrants revocation of the probation.

See *People of Guam v. Camacho*, 2009 Guam 6 ¶ 27 (internal citations omitted). To revoke a defendant's probation, evidence and facts presented to the Court must be "reasonably necessary to satisfy the judge that the probationer's conduct has not been as required by the conditions of probation." Id. at ¶ 30 (*citing People v. Angoco*, 1998 Guam 10).

Decision and Order Revoking Defendant's Probation
CF0030-22 & CM0123-21, *People of Guam v. Jaybo Joseph Aiken*
Page 3 of 5

The Court also cannot order revocation unless the offender is provided with written notice of grounds for revocation of probation. See 9 G.C.A. § 80.68(a). At the hearing, the offender shall "have the right to hear and controvert the evidence against him, to offer evidence in his defense and to be represented by counsel." Id. Should the Court revoke an offender's probation, "it may impose on the offender any sentence that might have been imposed originally for the crime of which he was convicted." See 9 G.C.A. § 80.66(b).

It remains undisputed that Defendant violated his probation conditions and that there is probable cause to support the violations. Since entering probation, Defendant has failed to report to Client Services and Family Counseling for an intake and assessment, make any progress on paying off his fines/court costs, and has not completed any community service hours. The Defendant has failed to report to the Adult Probation Office monthly. Most alarmingly of all, Defendant now faces new charges in CM0093-24 for alleged Assault (As a Misdemeanor).

Having found that Defendant was in violation of his probation requirements, the next question the Court must resolve is whether "revocation under all the circumstances . . . will best satisfy the ends of justice and the best interests of the public." See 9 G.C.A. § 80.66(a)(2).

Based on a review of the record, Defendant has exhausted the trust of the Court by violating numerous probationary conditions. The Defendant has violated multiple conditions since entering probation. These violations are the result of Defendant's willful conduct and blatant disregard towards following the Court's orders. Defendant's complete lack of progress in paying off his fines, working off his community service hours, obeying all laws of Guam, and attending an initial intake appoint at CSFC suggest Defendant never intended on following his probation conditions from the start.

Were probation continued, it appears unlikely that any significant progress would be made in positively altering Defendant's behavior and ensuring compliance with the Court's orders.

Decision and Order Revoking Defendant's Probation
CF0030-22 & CM0123-21, *People of Guam v. Jaybo Joseph Aiken*
Page 4 of 5

Therefore, the Court finds that revocation is in the public's best interest and satisfies the ends of justice. See 9 GCA § 80.66(a)(2).

## CONCLUSION

For the reasons stated above, the Court hereby **REVOKES** the Defendant's probation in the above-captioned matters. The Defendant is hereby **SENTENCED** to **four (4) years incarceration** at the Department of Corrections, Mangilao with credit for time served. After the completion of the Defendant's sentence the Court shall close the above-captioned cases.

June 25, 2024

**IT IS SO ORDERED** this _____.

_____
**HONORABLE ALBERTO C. LAMORENA III**
**Presiding Judge, Superior Court of Guam**

Decision and Order Revoking Defendant's Probation
CF0030-22 & CM0123-21, *People of Guam v. Jaybo Joseph Aiken*
Page 5 of 5